IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VICTOR COZZONE, | : | CIVIL ACTION |
| Appellant, | : |  |
| v. | : |  |
|  | : | No.  06-1541 |
|  | : |  |
| JOHN INGUI, | : |  |
| Appellee. | : |  |

ORDER

AND NOW this 25th day of October 2006, upon consideration of Plaintiff's appeal from the March 10, 2006 Order entered by the Honorable Diane Weiss Sigmund, United States Chief Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Pennsylvania ("the Bankruptcy Court"), it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

**I.      Factual and Procedural History**

The debt at issue arose when Appellant Victor Cozzone sued his psychiatrist, Appellee John Ingui, in the Court of Common Pleas of Philadelphia County for willful misconduct, breach of contract, and punitive damages.  Cozone v. Ingui, No. 3384, Court of Common Pleas, Philadelphia County, Pennsylvania, May Term 1998 ("state court action").  Specifically, Cozzone alleged that, in the context of a pending lawsuit, Ingui "intentionally, willfully, and maliciously" lied about his treatment and diagnosis, which resulted in a defense verdict against

Cozzone.[1]  As a result of repeated discovery violations, the trial court precluded Ingui from presenting a defense at trial.  See  Appeal from State Court Judgment, Pa. Super. Ct., Aug 2, 2001, at 2 (Att. to Ex. 16).  Additionally, because Ingui failed to respond to Cozzone's request for admissions, pursuant to Pa. R. Civ. P. 4014(b) all allegations in the request were treated as admissions.  Id.  Following Cozzone's evidence, the court ordered a directed verdict and the jury awarded Cozzone $1.8 million in compensatory damages and $2 million in punitive damages.

On May 17, 2004, Appellee Ingui filed a Petition for Relief under Chapter 7 of the Bankruptcy Code.  On August 30, 2005, Appellant Cozzone filed an adversary complaint in the Bankruptcy Court arguing that Ingui's $3.8 million debt was excepted from discharge pursuant to 11 U.S.C. §523(a)(6) of the Bankruptcy Code.  Brief for Appellant, at 1-2.  Section 523(a)(6) reads: "(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

On January 10, 2005, Cozzone filed a summary judgment motion, contending that the state court action should be given collateral estoppel effect "to conclude that the Debtor willfully and maliciously caused injury to the Plaintiff so as to render the judgment entered by the State Court non-dischargeable under §523(a)(6)."  Bankruptcy Ct. Mem. Op., March 10, 2006 (Ex. 2) ("BC Op.").  The Bankruptcy Court denied the summary judgment motion, "concluding that one of the necessary elements for application of the doctrine of collateral estoppel, i.e., that the issue decided in the prior adjudication was identical to the issue in the later action, was absent."  Id. at

---

[1]In this separate law suit, Cozzone had sued two of his former clients for intentional infliction of emotional distress, alleging that they had falsely accused him of unauthorized trading as a stockbroker.  Appeal from State Court Judgment, Aug 2, 2001, at 2 (Ex. 16).

2

3. Specifically, the Bankruptcy Court found that "§ 523(a)(6) requires proof of intentional harm, not merely an intentional injury . . . The sole admission that determined liability in the Civil Action was that Debtor intentionally lied about his diagnosis of plaintiff which the State Court concluded was sufficient to direct a verdict as that admission established, inter alia, the tort of 'injurious falsehood.'" Id. at 4 (quoting BC Recons. Order, May 20, 2005, at 3 (Ex. 21)("May 20 Order"). A subsequent Reconsideration Motion was also denied. Id.

Pending the Bankruptcy Court trial, Debtor Ingui filed a motion in limine to preclude use of the state court action admissions, and all findings that relied on those admissions, arguing that under Fed. R. Civ. P. 36 and Pa. R. Civ. P. 4014, they were inadmissible for collateral estoppel purposes in a proceeding subsequent to the civil action. The Bankruptcy Court granted the motion, holding that, under both the Pennsylvania and Federal Rules of Civil Procedure, a plaintiff cannot use state court admissions in a subsequent bankruptcy adversary proceeding. Id. at 5.

At the March 8, 2006 trial in bankruptcy court, Cozzone opted not to adduce evidence towards satisfying his burden under § 523(a)(6). Instead, he again moved to admit the state court admissions and the state court's findings premised thereon. Debtor Ingui objected on the grounds that such evidence was precluded by the Court's opinion granting his motion in limine, and the Court agreed, denying admission of the exhibits. Cozzone's remaining case consisted solely of the civil complaint and the Debtor's admission to the debt and judgment. Id. at 6. The Bankruptcy Court held that Cozzone had failed to establish his case and entered judgment for Ingui, thereby discharging his debt.

Appellant Cozzone filed a timely appeal of the Bankruptcy Court's judgment on April 11,

3

2006, in this Court.

## II.   Discussion

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 158(a).  In applying the appropriate standard of review, this Court reviews the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for an abuse thereof. See, e.g., In re Rashid, 210 F.3d 201, 205 (3d Cir. 2000).

Appellant argues that the Bankruptcy Court erred in two respects: (1) ruling that he could not use admissions made in the state court action, nor the state court findings, in his subsequent Bankruptcy Court action; and (2) failure to give collateral estoppel effect to his judgment against Appellee in the state court action.

### A.   State Court Admissions and Judgment Inadmissible

In the state court action, request for admissions were served upon Appellee Ingui, but never answered.  Accordingly, they were treated as admissions at trial.  Joint-Pretrial Statement, Statement of Uncontested Facts, at ¶¶ 4-6.  Appellant argues that the Bankruptcy Court erred when it held that these admissions and findings relying thereupon, were inadmissible in the Bankruptcy Court proceedings to prove any element of the cause of action.

The Bankruptcy Court correctly held that Appellee's state court admissions were inadmissible under both Fed. R. Civ. P. 36 and Pa. R. Civ. P. 4014.  In relevant part, Pennsylvania Rule 4014(d) and Federal Rule 36 are identical, reading: "Any admission by a party under this rule is for the purpose of the pending action only and is not an admission by the party

for any other purpose nor may it be used against the party in any other proceeding."[2]

The meaning of the rules is clear; admissions shall not be used in a proceeding beyond the action for which they are offered. It necessarily follows that a verdict or judicial finding predicated exclusively on those admissions is likewise inadmissible. See In the Matter of Cassidy, 892 F.2d 637, 640 (7th Cir. 1990) (after noting that Tax Court Rule 90 is the equivalent of Federal Rule 36 as to its prohibition on using admissions in other proceedings, holding that "the judgment of the tax court on that factual issue, which is based solely on the admissions, cannot be a bar in this later proceeding")[3]; see also In Re Kugler, 170 B.R. 291, 300 (E.D. Va. 1994).

Appellant's suggestion that the Court ignore the plain meaning of Rules 36 and 4014 because "[p]arties would be reluctant to use admissions for fear of having to relitigate the issues" is misguided. Appellant's Brief, at 9. While Appellant correctly recognizes that the policy behind Rules 36 and 4014 is to encourage admissions in order to streamline the litigation process, see Brindley v. Woodland Vill. Restaurant, 652 A.2d 865, 871 (Pa. Super. 1995), the language of the rules is consistent with this policy. The rules encourage a party to make admissions, by removing the concern that their admission could be used against them in another cause of action. See Cassidy, 892 F.2d at 640 n.1 ("In view of the policy behind the rule

---

[2]As the Federal and Pennsylvania rules are identical for the purposes of this issue, the Bankruptcy Court aptly determine that there is "no reason to debate which rule–federal or state–applies." MIL Denial, at 5.

[3]Appellant's argument that *Cassidy* should be disregarded because it is not precedential for this Court, and because the portion relating to use of admissions was dicta, is also misguided. The Court finds the analysis in *Cassidy* persuasive, and can identify no reason to decline to adopt the *Cassidy* Court's analysis, particularly in light of the fact that this is a case of first-impression in this Circuit.

authorizing admissions, which is to encourage admissions so as to narrow the scope of the issues for trial and simplify proof on the remaining issues . . . we believe that it would be harmful to give preclusive effect to a judgment based solely on an admission.").

Further, where the admissions were based solely upon the Debtor's silence in the prior proceeding, giving preclusive effect to a judgment based solely upon a default admission could be unnecessarily detrimental to the spirit of the bankruptcy process. See Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934) (holding that the central purpose of the Bankruptcy Code is to give honest debtors a fresh start); see also Ins. Co. of Am. v. Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995) (holding that exceptions to discharge are strictly construed against creditors and liberally interpreted in favor of debtors). Appellant Cozzone had ample opportunity to prove that Appellee's action fall within the § 523(a)(6) exception to debt discharge, by presenting evidence to the Bankruptcy Court that did not rely upon default admissions. BC Op., at 6. That Appellant chose not avail himself of that opportunity was a product of his own free choice.

Accordingly, the Bankruptcy Court properly excluded the state court's finding and any admissions related to that finding.

### B.   Collateral Estoppel

Even if the state court admissions were admissible, Appellant would still not satisfy the collateral estoppel standard.

Under Pennsylvania law, a party may be precluded from relitigating an issue only if:

(1)   the issue decided in the prior adjudication was identical with the one presented in the later action;
(2)   there was a final judgment on the merits;
(3)   the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and

(4)     the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

Schulman v. J.P. Morgan Investment Management, Inc., 35 F.3d 799, 806 (3d Cir. 1994) (quoting Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 409 n.12 (3d Cir. 1993) (quoting Sanders v. Sanders, 384 Pa. Super. 311 (1989) (citation omitted))).[4] The Bankruptcy Court correctly held that Appellant failed to satisfy these collateral estoppel requirements, finding that the issue decided by the state court was not "identical" to that before the Bankruptcy Court.

Under § 523(a)(6), the party seeking to establish nondischargability, must show "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to an injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Thus, the Bankruptcy Court correctly recognized that the burden to qualify for a §523(a)(6) exception is twofold; the creditor must show: (1) intentional act; and (2) an intention to cause the injury resulting from the intentional act. BC Op., at 7.

In determining that the issues resulting in the state court judgment were not sufficiently "identical" to the §523(a)(6) issue for collateral estoppel purposes, the Bankruptcy Court found that "the sole admission that determined liability in the State Court Action [was] that Debtor intentionally lied about his diagnosis of plaintiff, which the state court concluded was sufficient to direct a verdict as that admission established, *inter alia*, the tort of 'injurious falsehood.'" May

---

[4]It is clear that Pennsylvania law of collateral estoppel applies to this case. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985) (directing "a federal court to refer to the preclusion law of the State in which [the previous state court] judgment was rendered").

20 Order, at 3. The fact that Debtor intentionally lied does not satisfy §523(a)(6) because it does not establish that he intended to injure Appellant.

Appellant alleges that the intent to injure element is proven by virtue of the fact that the state court directed a verdict for the tort "injurious falsehood." Under Pennsylvania law, a plaintiff asserting an injurious falsehood claim must prove "the publisher *either* intends the publication to cause pecuniary loss *or reasonably should recognize that publication will result in pecuniary loss*. Raskin, Liss & Franciosi, P.C. v. Franciosi, No. 02364, 2005 WL 957711, at *1 (Pa. Com. Pl. Apr. 6, 2005) (emphasis added) (citing Pro Golf Mfg. v. Tribune Review Newspaper Co., 570 Pa. 242, 246 (2002) (citing Restatement (Second) Torts § 623(A) (1977))). Because the tort of injurious falsehood can be premised on recklessness, the fact that the state court directed a verdict on that claim does not prove that the intent element required under §523(a)(6) has been conclusively established. Therefore the Bankruptcy Court stated correctly that "none of the findings (including the admissions) establish that Debtor's intentional act of lying was committed with the intention of causing the injury..." May 20 Order, at 3. Accordingly, Appellant's collateral estoppel argument is insufficient (even with the excluded admissions) because the issue decided by the state court was not identical to the issue presented to the Bankruptcy Court. Without any new evidence, Appellant's argument against discharging Appellee's debt necessarily failed.

**III.   Conclusion**

For all of the abovementioned reasons, the Bankruptcy Court correctly ruled that the state court admissions and the state court's findings were inadmissible, and that collateral estoppel did not apply to the circumstances of this case. The judgment of the Bankruptcy Court is

AFFIRMED.   The Clerk of Court is instructed to close this matter for statistical purposes.

                BY THE COURT:

                /S/LEGROME D. DAVIS

                Legrome D. Davis, J.